**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WANDA J. MANLEY | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No.:    2:16-CV-01818-NIQA |
| | : | |
| v. | : | |
| | : | |
| EASTERN REGION MEDICAL CENTER, INC. | : | |
| | : | |
| Defendant. | : | |

**MOTION OF THE LAW OFFICE OF FAYE RIVA COHEN, P.C. TO ENFORCE THE**

**SETTLEMENT BETWEEN PARTIES**

The Law Office of Faye Riva Cohen, P.C., (the "Law Office" or "Counsel") which is counsel to Plaintiff Wanda Manley ("Plaintiff"), hereby moves to enforce the settlement between the parties, as set forth in the Settlement Agreement and General Release dated August 7, 2017. In support of its Motion, the Law Office relies upon the following averments;

1.  Plaintiff commenced this action on April 13, 2016.

2.  On May 24, 2016, Plaintiff's action was ordered to be referred to the Eastern District of Pennsylvania's Employment Law Panel Program.

3.  On August 5, 2016 the Law Office was appointed as Plaintiff's counsel after accepting her case from the Employment Law Panel and discussing the particulars of Plaintiff's matter with her.

4.  On October 21, 2016 the Honorable Paul S. Diamond, United States Magistrate Judge, conducted a settlement conference with all parties and their counsel present. However, settlement was not reached.

5.  Thereafter, Plaintiff and Eastern Region Medical Center Inc., ("Defendant") engaged in extensive written and oral discovery with a discovery end date of May 26, 2017.

6. During the course of discovery Defendant discovered documentation which
   contradicted some of Plaintiff's deposition testimony, brought into question some of
   the information provided to the Law Office by Plaintiff which it used to prepare
   Plaintiff's Amended Complaint, impacted the legal theories upon which the Law
   Office relied upon in preparing and litigating Plaintiff's case, impacted the damages
   which Plaintiff sought and demanded, and indeed relied on in undertaking the
   representation of Plaintiff, which included providing extensive legal services.

7. As a result of the information mentioned in the above paragraph, the Law Office and
   Defendant engaged in extensive negotiations during which Defendant agreed to
   contribute Twelve Thousand Five Hundred ($12,500) Dollars towards Plaintiff's
   attorney's fees in exchange for Plaintiff agreeing to dismiss her action against
   Defendant with prejudice.

8. On July 27, 2017, after meeting with her counsel and discussing the nature of the
   information referred to in the preceding two paragraphs, the second such meeting
   counsel had with Plaintiff for this purpose, Plaintiff executed a preliminary agreement
   stating that Plaintiff agreed to settle her case against Defendant in exchange for
   payment of the above amount.

9. On August 3, 2017 Defendant submitted to Plaintiff's counsel a draft Settlement
   Agreement and General Release ("Release") that memorialized the terms agreed to
   during settlement negotiations.

10. Plaintiff's counsel requested that the Release be amended to protect Plaintiff's rehire
    rights and confidentiality.

11. On August 7, 2017 Defendant submitted to Plaintiff's counsel a revised Settlement

Agreement and General Release ("Amended Release") that incorporated Plaintiff's counsel's suggestions and memorialized the terms agreed to during settlement negotiations.

12. Plaintiff's counsel transmitted the Amended Release to Plaintiff for her review.

13. On August 9, 2017 this Court dismissed Plaintiff's action with prejudice pursuant to agreement of the parties and Local Rule of Civil Procedure 41.1(b).

14. Plaintiff considered the terms of the Settlement Agreement for over twenty-one (21) days, did not make any attempts to contact the Law Office until the Law Office contacted her several times, and finally questioned some of the language which is standard to such agreements.  At a later date she questioned the settlement amount she agreed would be paid by Defendant to the Law Office, and notwithstanding the agreement she executed on July 27, 2017, refused to sign the Amended Release.

15. Settlement agreements are encouraged as a matter of public policy. *D.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 891 (3d Cir. 1997) ("allow[ing] parents to void settlement agreements when they become unpalatable would" undercut that policy"); *Transport Int'l Pool v. Alternative Transp., Inc., Civil Action No. 07-2895*, 2008 U.S. Dist. LEXIS 48756 at *11 (E.D. Pa. June 25, 2008) (enforcing settlement agreement despite one party's change of heart).

16. The parties in this case formed a meeting of the minds of all important terms to settle this civil action on July 27, 2017, terms of which were clear and set forth by the Amended Release dated August 7, 2017. Thus, Amended Release is fully enforceable by this Court. See *Kozierachi v. Perez*, 10-cv-7470, 2014 U.S. Dist. LEXIS 48308 at *8 (E.D.Pa. March 19, 2014), Report and Recommendation Adopted, 2014 U.S. Dist.

LEXIS 48125 (E.D.Pa. April 7, 2014).

17. This Court has jurisdiction to enforce a settlement agreement entered into between the

    parties. *Id.* (citing *Bershak v. Philadelphia Gas Works*, Civil Action No. 00-1873,

    2001 U.S. Dist. LEIXS 1859 at *3 (E.D. Pa. Feb 26, 2001)).

18. "A settlement agreement will not be set aside absent a clear showing of fraud, duress,

    or mutual mistake." *Id.* (citing *Pennsbury Village Associates, LLC v. Aaron McIntyre*,

    11 A.3d 906, 914 (Pa. 2011)).

19. A change of heart after a settlement agreement has been reached will not invalidate

    the agreement. See *McCune v. First Judicial Dist. of Pa. Probation Dep't.*, 99

    F.Supp.2d 565, 599 (E.D. Pa. 2000).

20. This Court should enforce the terms of the agreement reached between Plaintiff and

    Defendant as memorialized by the Amended Release dated August 7, 2017.

21. Defendant is not opposed to this Motion.

                            Respectfully submitted,

                            BY: */s/ Faye Riva Cohen*_____
                            LAW OFFICE OF FAYE RIVA COHEN, P. C.
                            FAYE RIVA COHEN, ESQUIRE
                            Attorney ID: 18839
                            2047 Locust Street
                            Philadelphia, PA 19103
                            (215) 563-7776
                            Attorney for Plaintiff

Date: September 21, 2017

**<u>CERTIFICATE OF SERVICE</u>**

I, Faye Riva Cohen, Esquire, hereby certify that on the date listed below I caused to be

served a true and correct copy of the foregoing Motion of the Law Office of Faye Riva Cohen,

P.C. to Enforce the Settlement Between Parties upon the following via electronic filing and U.S.

Mail:


Michael O'Mara, Esquire
Adam Brown, Esquire
Stradley Ronon Stevens & Young LLP
2005 Market Street; Suite 2600
Philadelphia, PA 19103

Wanda Manley
87 Plumtree Lane
Willingboro, NJ 08046



LAW OFFICE OF FAYE RIVA COHEN, P.C.




*/s/ Faye Riva Cohen*_____
FAYE RIVA COHEN, ESQUIRE
Attorney for Plaintiff


Dated: September 21, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WANDA J. MANLEY | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No.:    2:16-CV-01818-NIQA |
| | : | |
| v. | : | |
| | : | |
| EASTERN REGION MEDICAL CENTER, INC. | : | |
| | : | |
| Defendant. | : | |

AND NOW, this _____ day of _____ 2017, upon consideration

of The Law Office of Faye Riva Cohen, P.C.'s Motion to Enforce the Settlement Between

Parties, and all responses thereto, it is hereby ORDERED that The Law Office of Faye Riva

Cohen, P.C.'s Motion to Enforce the Settlement Between Parties is GRANTED.

                                        BY THE COURT:


                                        _____

                                        Nitza I. Quioñes Alejandro, J.